*171 JUSTICE ALBIN,
dissenting in part.
The trial court erred in the second trial by removing a deliberating juror without determining whether her expressed emotional discomfort was related to juror discussions or conflicts with other jurors. A juror cannot be relieved of her duty because the deliberations are unpleasant or difficult, causing emotional turmoil or anxiety. To avoid the potential of improperly removing a juror for reasons related to the deliberative process, our trial judges must engage in a thorough yet precise colloquy.
The trial court’s limited dialogue with Juror Number Two failed that test. Although the court questioned Juror Number Two about her emotional ability to continue, the court asked no questions concerning the source of her emotional distress. Precisely directed questions could have eliminated the possibility that the court unwittingly was removing a dissenting juror who felt put upon by the majority. Because the removal of Juror Number Two without adequate cause compromised defendant’s right to a fair trial, I agree with Judge Higbee that a new trial should have been granted.
Rule 1:8—2(d)(1) governs the removal of a juror after the commencement of deliberations. It provides that, during deliberations, a court may select an alternate juror only if “a juror dies or is discharged by the court because of illness or other inability to continue.” R. 1:8—2(d)(1). Here, we are concerned about the “inability to continue” provision of that rule. We have restrictively construed that provision “to protect a defendant’s right to a fair jury trial.” State v. Jenkins, 182 N.J. 112, 124, 861 A.2d 827 (2004). A trial court is forbidden from removing a deliberating juror when the “removal is in any way related to the deliberative process.” Ibid.; see also State v. Musa, 222 N.J. 554, 566, 120 A.3d 214 (2015) (“[T]he removal of a juror because he is disputatious and does not share the views of other jurors would undermine the very essence of the free and open debate that is expected of jury deliberations.”).
*172 A juror cannot be excused unless the circumstances “relate exclusively to the personal situation of the juror himself and not to his interaction with the other jurors or with the case itself.” State v. Valenzuela, 136 N.J. 458, 468, 643 A.2d 582 (1994) (quoting State v. Trent, 157 N.J.Super. 231, 239, 384 A.2d 888 (App. Div. 1978), rev’d on other grounds, 79 N.J. 251, 398 A.2d 1271 (1979)). Moreover, a juror may not be removed “unless the record ‘adequately establishes] that the juror suffers from an inability to function that is personal and unrelated to the juror’s interaction with the other jury members.’ ” Jenkins, 182 N.J. at 124-25, 861 A.2d 827 (alteration in original) (quoting State v. Hightower, 146 N.J. 239, 254, 680 A.2d 649 (1996)). A juror’s emotional or psychological inability to function because of the death or illness of a family member, a work-connected crisis, or a threat directed to her outside the jury room are personal to her and unrelated to the deliberative process. Those may be adequate reasons for the removal of a juror consistent with Rule 1:8—2(d)(1). A physical or mental illness that renders a juror unable to deliberate also would be an adequate reason. Emotional angst caused by the grueling and sometimes harsh give-and-take among jurors is not.
On the first day of deliberations, the jury sent a note to the court advising that, earlier in the day, a man outside the courthouse had said to Juror Number Two, as she passed by, “not guilty.” The trial court interviewed each juror, including Juror Number Two, and all said the event would not affect their ability to serve and remain impartial. The jury continued to deliberate that day and for two additional days. On the third day, Juror Number Two and another juror asked to be removed as deliberating jurors.
The court engaged in a colloquy with Juror Number Two, advising her not to reveal anything about the jury deliberations. Their brief dialogue follows:
The Court: Do you feel that there is emotionally an inability for you to proceed and perform your duties as a deliberating juror?
The Juror: Yes.
*173 The Court: Do you feel that these emotions that you have, again, would impact upon your ability to perform your function in this case?
The Juror: No. I know it's not balanced in what I’m saying, but there’s reasons why I can’t speak without giving away—
The Court: I don’t want you to talk about that. But emotionally, you feel you can’t continue?
The Juror: Correct.
The Court: I’m going to leave it at that for now. Thank you.
Based on that perfunctory exchange, which elicited contradictory responses, the court removed Juror Number Two.
Nowhere in the colloquy did the court ensure that Juror Number Two’s “emotions” were unrelated to the jury deliberations. The court could have pointedly asked whether her reasons to be removed concerned a personal matter—such as illness or a family problem—unrelated to the deliberations, and if she said yes, the court could have made further inquiry. The court also could have asked the juror whether her “emotions” related to her earlier encounter outside the courthouse, even though after the incident she averred she could be impartial. If she said yes, that would have been a legitimate basis for her removal. Last, the court could have requested the juror to give a simple yes or no answer to the question of whether her emotional discomfort related to the deliberative process with her fellow jurors—while expressly admonishing the juror to say nothing about the actual deliberations or any juror’s views or the vote count. The court’s colloquy was fatally flawed because it did not adequately establish that the juror’s emotional distress was “unrelated to the juror’s interaction with the other jury members.” See id at 125, 861 A.2d 827.
After Juror Number Two’s removal and the selection of an alternate juror, the jury returned a verdict in less than two and a half hours. The court’s removal of Juror Number Two without determining that she was unable to function in accordance with Rule 1:8—2(d)(1) constituted unwarranted judicial interference with the integrity of the deliberative process. I concur with Judge Higbee’s conclusion that defendant was entitled to a new trial.